```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF PUERTO RICO


HERNAN VAZQUEZ-MENDEZ               *
     Petitioner,                    *
                                    *
                                    *
           v.                       *
                                    *    CIVIL NO. 09-1024(PG)
                                    *    RELATED CRIM. 00-333(PG)
UNITED STATES OF AMERICA,           *
     Respondent.                    *
                                    *
_____
```

**OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.5). Petitioner filed a Reply to the Government's Response (D.E. 7) as well as a Motion for Evidentiary Hearing (D.E. 11). For the reasons discussed below, the Court finds the Petition shall be **DISMISSED** and the request for evidentiary hearing is also **DENIED**.

**I. BACKGROUND**

On June 30, 2000, Petitioner, Hernan Vazquez-Mendez (hereinafter "Petitioner" or "Vazquez-Mendez") and eighteen (18) additional co-defendants were indicted by a Federal Grand Jury (Crim. D.E. 2)[2]. Petitioner was specifically charged with conspiracy to possess with intent to distribute multi-kilogram quantities of controlled substances, that is to say, in excess of one (1) kilogram of heroin, a Schedule I Narcotic Drug Controlled Substance, in excess of five (5) kilograms of cocaine, a Schedule II Narcotic Drug Controlled

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim.D.E. is an abbreviation of criminal docket entry.

Civil No. 09-1024(PG)                                              Page 2

Substance, in excess of fifty (50) grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Sec. 841(a)(1) (Crim. D.E. 2).

On February 5, 2001, Petitioner's Change of Plea Hearing was held (Crim.D.E.190). Vazquez-Mendez entered a plea of guilty to count one of the Indictment (Crim.D.E. 190). On June 22, 2001, at the Petitioner's Sentencing Hearing, Vazquez-Mendez informed the Court that he wished to withdraw his guilty plea. The Court accepted the withdrawal and trial date was set (Crim.D.E. 292). On November 20, 2001, after a sixteen day jury trial Vazquez-Mendez was found guilty of count one of the Indictment (Crim.D.E. 501).

On December 14, 2001, Petitioner, through counsel, filed his objections to the Pre-Sentence Report (Crim.D.E. 527). Vazquez-Mendez's specific objection was to the additional enhancement to his sentence calculation for his participation in the murder as described in overt act fourteen (14) of the Indictment. Petitioner alleged that the issue of his involvement in the murder as described in overt act fourteen (14) should have been submitted to the jury for their determination on the matter. As such Petitioner argued that the cross-reference to murder could not be applied to his sentencing guideline calculation.

On December 17, 2001, the Court sentenced Petitioner to a term of imprisonment of life, a Supervised Release Term of ten (10) years and a Special Monetary Assessment of one hundred (100) dollars

Civil No. 09-1024(PG)                                                    Page 3

(Crim.D.E. 536)[3]. On December 18, 2001, Petitioner filed a Notice of Appeal (Crim.D.E. 540). On Appeal Vazquez-Mendez once again raised the allegation of the improper application of the murder cross-reference. Petitioner alleged that it was a matter for the jury to determine and that the Government had not presented any evidence of his involvement in the murder. In a supplemental appeal brief, Vazquez-Mendez alleged that the imposition of life sentence based on drug quantity was also an error because the jury did not make individual determinations as to the amount of drugs each defendant was responsible for (D.E. 1).

On April 11, 2005, the First Circuit Court of Appeals issued its opinion on the matter in which it affirmed Petitioner's conviction. The Court vacated and remanded the sentence of Vazquez-Mendez in light of United States v. Booker, 543 U.S. 220 (2005), United States v. Mercado Irizarry, 404 F3d 497 (1st Cir. 2005). On November 21, 2005, Vazquez-Mendez was re-sentenced to a term of imprisonment of life (Crim.D.E. 871). On December 2, 2005, Petitioner filed a Notice of Appeal (Crim.D.E. 875).

On July 18, 2007, the First Circuit Court of Appeals affirmed Petitioner's conviction and stated:

> Hernan Vazquez-Mendez was convicted of conspiring to distribute heroin, cocaine, and cocaine base. We vacated

---

[3] Counsel for defendant raised once again the argument that the murder cross reference enhancement should not be applied to Petitioner's sentence because it was not a matter which the jury made a finding on. The Government opposed said argument and the Court denied the Petitioner's objection. See, Sentencing Hearing Transcript of December 17, 2001.

Civil No. 09-1024(PG)                                              Page 4

>his pre- Booker life sentence in United States v. Mercado
>Irizarry, 404 F.3d 497 (1st Cir. 2005). Holding that the
>jury verdict authorized a statutory maximum penalty of life
>imprisonment, we remanded the matter for re sentencing
>under the advisory guidelines. See id. at 504.
>
>The district court again sentenced Vazquez to life,
>applying the murder cross-reference in U.S.S.G. Sec.
>2D1.1(d)(1). It credited trial evidence that Vazquez had
>participated in three murders in furtherance of the
>conspiracy. Booker itself "preserved [such] use of judge-
>made findings by directing that the guidelines hereafter be
>treated as advisory rather than mandatory." Cirilo-Muñoz
>v. United States, 404 F.3d 527, 532-533 (1st Cir. 2005).
>See also United States v. Antonakopoulos, 399 F.3d. 68, 75
>(1st Cir. 2005) ("Booker reaffirmed the principal of
>Apprendi...but did so only insofar as the sentence resulted
>from a mandatory system imposing binding requirements on
>sentencing judges"). The remedial part of Booker cured the
>Sixth Amendment problem in this case. Vazquez cannot
>question the remedy.
>
>We have considered the arguments in Vazquez's pro se
>supplemental brief and find them to be meritless. The
>sentence is affirmed as reasonable. United States v.
>Vazquez-Mendez, Appeal No. 06-1018 (1st Cir. July 18,
>2007).

Certiorari was denied on November 26, 2007, Hernan Vazquez v.
United States, 128 S.Ct. 679(2007). Thus judgment became final on

Civil No. 09-1024(PG)                                              Page 5

November 26, 2007. Pursuant to the Antiterrorism Death Penalty Act, Vazquez-Mendez had until November 26, 2008, to file his section 2255 motion. Petitioner signed and dated his motion December 10, 2008, and delivered it to prison authorities for mailing on December 12, 2008; as such, it is untimely (D.E. 1). Therefore, the same is **DISMISSED WITH PREJUDICE.**

## II. DISCUSSION

Statue of Limitations

The Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA) of April 24, 1996, clearly established a limitation period of one (1) year for the filing of section 2255 petitions. The period of one (1) year starts from the date in which prisoner's conviction becomes "final".

A review of the record indicates that Vazquez-Mendez's judgment became final on November 26, 2007, the date his petition for certiorari was denied. Vazquez-Mendez had one year as of November 26, 2007, to timely file his 2255 Petition. Petitioner's section 2255 motion was filed December 12, 2008; pursuant to the prisoner's mailbox rule the same is time barred. In Lattimore v. Dubois, 311 F.3d 46(1st Cir. 2002) the Court held that a petition mailed from prison one day after the expiration of grace period of limitations could not be deemed timely filed. In the case of Vazquez-Mendez, his petition was delivered to the prison mailbox sixteen (16) days after the one year statute of limitations had expired. Therefore the same is untimely.

As such the same is time barred and **DISMISSED WITH PREJUDICE.**

## III. CONCLUSION

Civil No. 09-1024(PG)                                              Page 6

For the reasons stated, the Court concludes that Petitioner **HERNAN VAZQUEZ-MENDEZ,** is not entitled to federal habeas relief on the claims.  Accordingly, it is ordered that petitioner **HERNAN VAZQUEZ-MENDEZ's** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.1) is **DISMISSED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.** Petitioner's request for evidentiary hearing (D.E. 11) is **DENIED.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th of February 2012.

                                        s/ Juan M. Pérez-Giménez
                                        Juan M. Pérez-Giménez
                                        Senior United States District Judge